**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
PIERRE, SOUTH DAKOTA  57501-2463

**IRVIN N. HOYT**                                                                                    TELEPHONE (605) 224-0560
BANKRUPTCY JUDGE                                                                                    FAX (605) 224-9020

April 7, 2006

John S. Lovald,
Chapter 7 Trustee
Post Office Box 66
Pierre, South Dakota  57501

John E. Harmelink, Esq.
Counsel for Debtor
Post Office Box 18
Yankton, South Dakota  57078

    Subject:  *In re Aisley B. Ferguson*,
                  Chapter 7, Bankr. No. 05-42224

Dear Trustee and Counsel:

    The matter before the Court is the Objection to Claimed Exempt Property filed by Trustee John S. Lovald and the response filed by Debtor.  This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, the Objection will be sustained.

    *Summary*.  Aisley B. Ferguson ("Debtor") filed a Chapter 7 petition in bankruptcy on October 13, 2005.  While Debtor disclosed on her Schedule I that she was married, she did not include any income information for her husband.  Debtor declared exempt under S.D.C.L. § 43-45-4 personal property with a total value of $4,675.

    Trustee John S. Lovald filed an objection to Debtor's claimed exemptions under § 43-45-4 on the grounds Debtor exceeded the statutory allowance for a person who was not a head of household, as her schedules had not shown she was a head of household.  He stated Debtor testified at the § 341 meeting of creditors she was married on August 16, 2005.  In response to the objection, Debtor filed amended Schedules I and J and argued she is entitled to exemptions as a head of household.

    According to Debtor's amended Schedule I, she has a "live in friend" who takes home net pay of $1,662, while she takes home net pay of $741.  According to her amended Schedule J, the monthly household expenses are $2,817.  On both her original and amended

In re Ferguson
April 7, 2006
Page 2

Schedule I, Debtor stated she is married.  Based on statements by her counsel and Trustee Lovald at the February 7, 2006, hearing, it appears the "live in friend" referenced in Debtor's amended Schedule I is her husband.

*Discussion*.  There is no question Debtor was not a head of household on the petition date.  She has no dependents, and based on her and her husband's comparative incomes, she was not the principal bread winner in their household.  Accordingly, her exemptions under § 43-45-4 are limited to $4,000.  *See In re Jean D. Olson*, Bankr. No. 05-40226, slip op. (Bankr. D.S.D. July 21, 2005); *In re Marjorie A. Schmidt*, Bankr. No. 97-30009, slip op. (Bankr. D.S.D. August 1, 1997).

An order will be entered sustaining the trustee's objection and requiring Debtor to turn over $675.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  case file (docket original; serve parties in interest)

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice and Debtor(s), if Debtor(s) did not receive electronic notice.

Charles L. Nail, Jr.
Clerk, U.S. Bankruptcy Court
District of South Dakota